In re Petition for DISCIPLINARY ACTION AGAINST James M. BURSETH, an Attorney at Law of the State of Minnesota.

No. CX–00–2004.

Supreme Court of Minnesota.

Jan. 22, 2002.

ORDER
The Director of the Office of Lawyers Professional Responsibility has filed a petition for amendment of probation and for further disciplinary action alleging that respondent James M. Burseth committed professional misconduct warranting public discipline, namely, violations of the terms of his public and private probations by using marijuana in violation of this court's July 27, 2001 order, his private probation, and Minn. R. Prof. Conduct 8.4(d).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and amendment of respondent's current probation to add the following conditions:

a. Respondent shall continue on public probation until the later of January 14, 2003, or completion of six consecutive months of valid (non-dilute) random urinalysis test results. If respondent has another confirmed positive test result for alcohol or other mood altering chemicals, except for those allowed under paragraph (d) of this order, respondent shall be automatically suspended from the practice of law until such time that he can provide six consecutive valid

(non-dilute) random urinalysis tests, at which time he may petition for reinstatement by affidavit pursuant to Rule 18(e), RLPR.

b. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

c. Respondent shall abide by the Minnesota Rules of Professional Conduct.

d. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

e. Respondent shall, at his own expense, submit to random urinalysis for drug screening at least four times per month at the Hennepin County Medical Center or such other facility as the Director's Office may approve and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If after three months, all such tests have been both negative and not suggestive of a dilute specimen, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director's Office for the random tests. Any failure to call in without advance permission to deviate from the call in schedule shall be considered the same as a positive test.

f. Respondent shall participate in a relapse prevention program or other appropriate counseling approved by the Director's Office.

g. Respondent shall attend at least two meetings per week of Alcoholics Anonymous, LCL or another abstinence support program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person personally verifying the attendance.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent James M. Burseth is publicly reprimanded and shall continue on public probation until the later of January 14, 2003, or the completion of six consecutive months of valid (non-dilute) random urinalysis test results subject to the agreed-upon conditions set forth above.

BY THE COURT
Paul H. Anderson
Paul H. Anderson
Associate Justice