## In re PETITION FOR DISCIPLINARY ACTION AGAINST James M. BURSETH, a Minnesota Attorney.

### No. CX–00–2004.

Supreme Court of Minnesota.

Dec. 2, 2003.

### ORDER

PAUL H. ANDERSON, Associate Justice.

On January 22, 2002, pursuant to a stipulation entered into by the Director of the Office of Lawyers Professional Responsibility and respondent James M. Burseth, we publicly reprimanded respondent for failing to abide by the terms of his probation and continued his probation until January 14, 2003, or the completion of six consecutive months of valid (non-dilute) random urinalysis test results—whichever

was later. *In re Burseth,* 638 N.W.2d 432 (Minn.2002). The parties agreed that as a condition of probation, and we ordered that, respondent was to abstain from non-prescription mood-altering chemicals and that:

> If respondent has another confirmed positive test result for alcohol or other mood altering chemicals, except for those allowed under paragraph (d) of this order [prescription medicine prescribed by a physician fully informed of respondent's chemical dependency], respondent shall be automatically suspended from the practice of law until such time that he can provide six consecutive valid (non-dilute) random urinalysis tests, at which time he may petition for reinstatement by affidavit pursuant to Rule 18(e), [Rules on Lawyers Professional Responsibility].

*Id.* at 432–33.

The Director has filed a petition for immediate suspension under the January 22, 2002 order, on the ground that respondent tested positive for THC (Cannabinoids) on September 29, 2003. In his answer to the petition, respondent admits that he tested positive for THC but requests a hearing before a referee to determine whether a sanction less severe than suspension is appropriate based on mitigating factors.

We conclude that a referee hearing to determine whether less severe discipline is warranted is not necessary and that indefinite suspension from the practice of law is appropriate. The January 22, 2002 order is clear that the consequence to respondent if he tested positive for mood-altering chemicals is immediate suspension and respondent agreed to this condition. Respondent admits he tested positive for THC and thus under the terms of the January 22, 2002 order, suspension is war-

ranted. While immediate suspension may result in a hardship to respondent's clients and his employer, this does not mitigate respondent's use of mood-altering chemicals under these circumstances. Respondent has received two extensions of probation for violating the requirement that he remain abstinent from mood-altering chemicals. Under these circumstances, we conclude that more severe discipline in the form of indefinite suspension is warranted.

Based on all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent James M. Burseth is indefinitely suspended from the practice of law effective January 1, 2004. Respondent shall continue to fully cooperate with the random urinalysis testing as set forth in the January 22, 2002 order. Respondent may petition for reinstatement by affidavit under Rule 18(e), Rules on Lawyers Professional Responsibility, upon a showing of six consecutive valid (non-dilute) random urinalysis tests. Respondent shall pay $900 in costs and disbursements.

BY THE COURT:

/s/Paul H. Anderson
Associate Justice